United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 7, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-51385
Summary Calendar

_____

UNITED STATES OF AMERICA,

                                                                        Plaintiff-
                                         Appellee,

                              versus

GUILLERMINA CISNEROS-DE VERA,

                                                                        Defendant-
                                         Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-657-ALL
--------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Guillermina Cisneros-De Vera appeals her bench-trial conviction and sentence for being an

alien who illegally re-entered or was found in the United States without the consent of the Attorney

General after having been deported, in violation of 8 U.S.C. § 1326.  Cisneros argues that the

evidence was insufficient to prove beyond a reasonable doubt that she is an alien.  She argues that as

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the daughter of a mother who was born in the United States, she had "derivative citizenship." After all of the evidence in the light most favorable to the Government, we hold that there was substantial evidence from which any rational trier of fact could have found beyond a reasonable doubt that Cisneros's mother was not born in the United States and thus was not a United States citizen from whom Cisneros could derive citizenship. *See United States v. Turner*, 319 F.3d 716, 720-21 (5th Cir. 2003).

Cisneros also argues that her 57-month sentence violates the Due Process Clause because it exceeds the maximum two-year sentence for the § 1326(a) offense charged in the indictment. Her constitutional challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). Although Cisneros contends that *Almendarez-Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez-Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez-Torres* remains binding. *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005). Cisneros properly concedes that her argument is foreclosed in light of *Almendarez-Torres* and circuit precedent, but she raises it here to preserve it for further review.

AFFIRMED.